**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

|  |  |  |
|---|---|---|
| ROBYN BOMAR, et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Case No. 1:21-cv-00870-RDB |
| | * | |
| BOARD OF EDUCATION OF | * | |
| HARFORD COUNTY, et al. | * | |
| | * | |
| Defendants. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## ANSWER

Defendant Board of Education of Harford County (the "Board"), by and through its attorneys, Edmund J. O'Meally, Adam E. Konstas, and Pessin Katz Law, P.A., hereby files this Answer to the Complaint filed against it in the above-captioned case, and states as follows:

## FIRST DEFENSE

Pursuant to Fed. R. Civ. P. 12(b)(6), the Complaint fails to state claims upon which relief may be granted.

## SECOND DEFENSE

Responding to the specific allegations against the Board, the Board states as follows:

1.     Paragraph 1 does not contain any factual allegations to which a response is required.

2.     Paragraph 2 does not contain any factual allegations to which a response is required, but to the extent it may be construed as doing so, the Board denies same.

3.     The Board admits that this Court has jurisdiction over Plaintiff's claims arising under federal law.

4.      The Board admits that venue is proper in this District.

5.      The Board admits the allegations contained in Paragraph 5 except the allegation that Plaintiff Bomar was at all relevant times employed by the Board because she resigned from employment with the Board on July 15, 2020.

6.      The Board admits the allegations contained in Paragraph 6 except the allegation that Plaintiff Hall was at all relevant times employed by the Board because she resigned from employment with the Board on July 15, 2019.

7.      The Board admits the allegations contained in Paragraph 7.

8.      The Board admits the allegations contained in Paragraph 8 except the allegation that Plaintiff Adkins was at all relevant times employed by the Board because she resigned from employment with the Board effective October 10, 2019.

9.      To the extent that the Board is organized and exists under the laws of the State of Maryland and has the powers and duties enumerated in relevant provisions of the Education Article of the Annotated Code of Maryland, the Board admits the allegations contained in Paragraph 9 of the Complaint.  Further answering, the Board states that the remaining allegations in Paragraph 9 of the Complaint contain legal arguments and/or conclusions to which the Board is not required to respond, but to the extent they may be construed as containing any factual allegations, the Board denies same.

10.     To the extent that Dr. Sean Bulson, Superintendent of Schools, has the powers and duties enumerated in relevant provisions of the Education Article of the Annotated Code of Maryland, the Board admits the allegations contained in Paragraph 10 of the Complaint. Further answering, the Board states that the remaining allegations in Paragraph 10 of the Complaint

contain legal arguments and/or conclusions to which the Board is not required to respond, but to the extent they may be construed as containing any factual allegations, the Board denies same.

11.     The Board admits the allegations in Paragraph 11 of the Complaint.

12.     The allegations in Paragraph 12 of the Complaint contain legal arguments and/or conclusions to which the Board is not required to respond, but to the extent they may be construed as containing any factual allegations, the Board denies same.

13.     To the extent that Plaintiff Stallings was hired by the Board on or about August 26, 1991, that she was appointed to the position of Assistant Principal I (10 month) on August 22, 2005, the allegations in Paragraph 13 are admitted.  The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 13 and thus denies same.

14.     The Board is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 14 and thus denies same.

15.     The Board admits the allegations contained in Paragraph 15.

16.     The Board denies the allegations in Paragraph 16 of the Complaint.

17.     The Board admits that Joseph Schmitz was Principal at Fallston High School, and thus Ms. Stalling's immediate supervisor, during the referenced time period but is without sufficient knowledge or information to either admit or deny the remaining allegations contained in Paragraph 17 and thus denies same.

18.     The Board denies the allegations contained in Paragraph 18.

19.     To the extent Joseph Schmitz was appointed to the position of Executive Director of High School Performance effective on or about July 1, 2011, it is admitted.  The Board denies the remaining allegations in Paragraph 19.

20.      To the extent Plaintiff Stallings was reassigned from the position of Assistant Principal at Fallston High School to an 11-month Guidance Counselor position at Aberdeen High School effective August 24, 2011, it is admitted. The Board denies the remaining allegations in Paragraph 20 of the Complaint.

21.      The Board denies the allegations contained in Paragraph 21.

22.      To the extent Plaintiff Stallings filed a grievance with the Board on July 21, 2011 and filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or about October 22, 2012, it is admitted. The Board denies the remaining allegations contained in Paragraph 22 of the Complaint.

23.      To the extent that Plaintiff Stallings was reassigned from the position of Guidance Counselor at Aberdeen High School to Assistant Principal (10-month) at North Harford High School effective July 1, 2013, it is admitted.  The Board is without sufficient knowledge or information to either admit or deny the remaining allegations contained in Paragraph 23 and thus denies same.

24.      The Board admits the allegations in Paragraph 24 of the Complaint.

25.      The allegations in Paragraph 25 pertain solely to Defendant Gerringer and thus Paragraph 25 does not contain any factual allegations to which a response is required by the Board, but to the extent it may be construed as doing so, the Board is without sufficient information to admit or deny the allegations and thus denies same.

26.      The allegations in Paragraph 26 pertain solely to Defendant Gerringer and contain legal arguments and/or conclusions and thus Paragraph 26 does not contain any factual allegations to which a response is required by the Board, but to the extent it may be construed as doing so, the Board admits that APSASHC has been recognized by the Board as the exclusive collective

bargaining representative for a designated unit of administrators and supervisors employed by the Board.

27.     The allegations in Paragraph 27 pertain solely to Defendant Gerringer and thus Paragraph 27 does not contain any factual allegations to which a response is required by the Board. Moreover, the allegations set forth in Paragraph 27 contain legal conclusions and argument to which no response is required, but to the extent it may be construed as containing factual allegations against the Board, the Board is without sufficient information to admit or deny the allegations and thus denies same.

28.     The allegations in Paragraph 28 pertain solely to Defendant Gerringer and thus Paragraph 28 does not contain any factual allegations to which a response is required by the Board, but to the extent it may be construed as doing so, the Board is without sufficient information to admit or deny the allegations and thus denies same.

29.     The allegations in Paragraph 29 pertain solely to Defendant Gerringer and thus Paragraph 29 does not contain any factual allegations to which a response is required by the Board, but to the extent it may be construed as doing so, the Board is without sufficient information to admit or deny the allegations and thus denies same.

30.     The Board admits the allegations in Paragraph 30.

31.     To the extent the Board and APSASHC entered into a Negotiated Agreement effective July 1, 2018, and pursuant to Article 1.1 APSASCH was recognized as the exclusive representative of the administrators and supervisors unit of the school system in accordance with Education Article, Title 6, Subtitle 4, of the Annotated Code of Maryland, it is admitted.  The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 31 and thus denies same.

32.     The allegations in Paragraph 32 pertain solely to Defendant Gerringer and thus Paragraph 32 does not contain any factual allegations to which a response is required by the Board, but to the extent it may be construed as doing so, the Board admits that both principals and assistant principals were members of the bargaining unit represented by APSASHC.

33.     To the extent the Board and APSASHC entered into a Negotiated Agreement effective July 1, 2018 that was a successor to a prior negotiated agreement that expired effective the close of business on June 30, 2018, it is admitted.  The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 33 and thus denies same.

34.     To the extent the Board and APSASHC entered into a Negotiated Agreement effective July 1, 2018 it is admitted.  In further answering, the Board states that the contents of the aforementioned Negotiated Agreements speak for themselves.

35.     To the extent the Board and APSASHC entered into a Negotiated Agreement effective July 1, 2018 it is admitted.  The Board admits that those individuals listed in Paragraph 35"confirmed" the Negotiated Agreement reached between the Board and APSASHC and states affirmatively its understanding that the terms of the Negotiated Agreement were ratified by the members of APSASHC.

36.     The allegations in Paragraph 36 pertain solely to Defendant Gerringer and thus Paragraph 36 does not contain any factual allegations to which a response is required by the Board. Moreover, the allegations set forth in Paragraph 36 contain legal conclusions and argument to which no response is required, but to the extent it may be construed as containing factual allegations against the Board, the Board is without sufficient information to admit or deny the allegations and thus denies same.

37.     The Board admits the allegations in Paragraph 37 of the Complaint.

38.     To the extent the Harford County Public Schools Procedure titled "Reduction in Force: Administrative and Supervisory Personnel" was amended  in December of 2018 and provides, in relevant part, that the "Superintendent will identify what positions will be reduced or eliminated[,]" it is admitted.

39.     The Board admits the allegations in Paragraph 39 of the Complaint.

40.     The Board admits the allegations in Paragraph 40 of the Complaint.

41.     The Board denies the allegations in Paragraph 41 of the Complaint and clarifies that the RIF Procedure was available to all employees, along with all other procedures, via the HCPS "SharePoint" site..

42.     The allegations in Paragraph 42 pertain solely to Defendant Gerringer and thus Paragraph 42 does not contain any factual allegations to which a response is required by the Board. Moreover, the allegations set forth in Paragraph 42 contain legal conclusions and argument to which no response is required, but to the extent it may be construed as containing factual allegations against the Board, the Board is without sufficient information to admit or deny the allegations in Paragraph 42 of the Complaint, and therefore denies same.

43.     The allegations in Paragraph 43 pertain solely to Defendant Gerringer and thus Paragraph 43 does not contain any factual allegations to which a response is required by the Board, but to the extent it may be construed as doing so, the Board is without sufficient information to admit or deny the allegations in Paragraph 43 of the Complaint, and therefore denies same.

44.     To the extent that on December 14, 2018, Superintendent Bulson met with School Principals to share information about pending budget cuts and two options for position reductions – one was to use a "Reduction-in-Force" process whereby position cuts would be determined by years of service, and the other was based on performance whereby all Assistant Principals and

Instructional Facilitators would reapply for Assistant Principal positions and reassignment decisions would be determined by interview performance through a uniform interview and selection process, it is admitted.  The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 44 of the Complaint, and therefore denies same

45.     The Board is unaware of anyone named "Schmidt."  Assuming that the Plaintiff's reference to a person identified as "Schmidt" was meant to apply to Joseph Schmitz, the Board denies the allegations in Paragraph 45 of the Complaint.

46.     The Board is without sufficient information to admit or deny the allegations in Paragraph 46 of the Complaint, and thus denies same.

47.     To the extent that in the process of formulating the FY 2020 budget and in an effort to close a $35 million budget gap in HCPS for FY 2020 to create a more sustainable budget, Superintendent Bulson proposed approximately $27.4 million in permanent budget reductions by reducing instructional and administration positions at the elementary, secondary, and central office levels, it is admitted. The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 47 of the Complaint, and therefore denies same.

48.     To the extent the Administrative Positions and Staff Reductions included converting all Assistant Principals from a mixture of 10 and 12 month positions to all 12 month positions and reducing the total number of Assistant Principal Positions, it is admitted. The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 48 of the Complaint, and therefore denies same.

49.     To the extent the Board's Human Resources representatives conducted multiple presentations to explain the Assistant Principal Reassignment process to affected administrators,

it is admitted.  The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 49 of the Complaint and therefore denies same.

50.     The allegations in Paragraph 50 pertain solely to Defendant Gerringer and thus Paragraph 50 does not contain any factual allegations to which a response is required by the Board, but to the extent it may be construed as doing so, the Board is without sufficient information to admit or deny the allegations in Paragraph 50 of the Complaint and therefore denies same.

51.     To the extent that the Board's Human Resources representatives conducted a presentation on January 17, 2019 for affected administrators on the topic of "Administrative Positions and Staff Reductions Discussion" which explained the Assistant Principal Reassignment Process, it is admitted.  The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 51 of the Complaint and therefore denies same.

52.     To the extent that the Board's Human Resources representatives conducted a presentation on January 17, 2019 for affected administrators on the topic of "Administrative Positions and Staff Reductions Discussion" which explained the Assistant Principal Reassignment Process, it is admitted.  Further responding, all then-current Assistant Principals, Instructional Facilitators, and any other impacted central office personnel who were qualified received an invitation to apply for an Assistant Principal position. Additionally, all Assistant Principal positions were converted from a mixture of 10 and 12 month positions to all 12 month positions. Human Resources contacted impacted employees with instructions for completing an online application process, and applications were open to internal candidates only.  The application process was a uniform process for all levels that included submission of basic personal information, a resume, and a direct supervisor reference on the Board's Human Resource application program "TalentEd."  The process also included a digital interview consisting of

uniform interview questions and one written response using a third-party program called "RIVS." Rather than apply to a particular school-specific position, the candidates applied for an Assistant Principal position within the system as a whole.  Prior to the interview dates, the Board shared with the Assistant Principals detailed instructions for how to use the third-party software "RIVS" to participate in the digital interview process.  The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 52 of the Complaint and therefore denies same.

53.     The Board admits that candidates not selected during the Assistant Principal Reassignment process were eligible to apply for any other vacant positions for which they were interested and qualified, and would automatically be moved into the 3-year Assistant Principal pool for immediate consideration for future vacancies at the Assistant Principal position, it is admitted. The Board denies the remaining allegations in Paragraph 53 of the Complaint.

54.     To the extent the Assistant Principal Reassignment process included Assistant Principals and Instructional Facilitators, it is admitted.  The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 54 of the Complaint and therefore denies same.

55.     To the extent that Principals served on the interview panels during the Assistant Principal Reassignment process and reviewed and scored interviews, Human Resources gathered each interview panel member's scores, compiled the data for each candidate, and provided this information to members of HCPS senior leadership, who reviewed the overall scoring from the principals, the applicant's supervisory reference, and application materials, it is admitted.  The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 55 of the Complaint and therefore denies same.

56.     To the extent that each Principal participating in the Assistant Principal Reassignment Process reviewed and scored Assistant Principal candidates on a scale of 1-5 (5 being the highest) and identified their top 5 preferred candidates for their respective buildings, it is admitted.  The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 56 of the Complaint and thus denies same.

57.     The allegations in Paragraph 57 pertain solely to Defendant Gerringer and thus Paragraph 57 does not contain any factual allegations to which a response is required by the Board. Moreover, the allegations set forth in Paragraph 57 contain legal conclusions and argument to which no response is required, but to the extent it may be construed as containing factual allegations against the Board, the denies the allegations in Paragraph 57 of the Complaint.

58.     The allegations in Paragraph 58 pertain solely to Defendant Gerringer and thus Paragraph 58 does not contain any factual allegations to which a response is required by the Board. Moreover, the allegations set forth in Paragraph 58 contain legal conclusions and argument to which no response is required, but to the extent it may be construed as containing factual allegations against the Board, the denies the allegations in Paragraph 58 of the Complaint.

59.     To the extent the Board's Human Resources representatives conducted multiple presentations to explain the Assistant Principal Reassignment process to affected administrators, it is admitted.  The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 59 of the Complaint and therefore denies same.

60.     The Board denies the allegations in Paragraph 60 of the Complaint.

61.     The Board denies the allegations in Paragraph 61 of the Complaint.

62.     The allegations in Paragraph 62 pertain solely to Defendant Gerringer and thus Paragraph 62 does not contain any factual allegations to which a response is required by the Board,

but, to the extent it may be construed as containing factual allegations against the Board, the Board is without sufficient information to admit or deny the allegations in Paragraph 62 of the Complaint and therefore denies same.

63.     The allegations in Paragraph 63 pertain solely to Defendant Gerringer and thus Paragraph 63 does not contain any factual allegations to which a response is required by the Board, but, to the extent it may be construed as containing factual allegations against the Board, the Board is without sufficient information to admit or deny the allegations in Paragraph 63 of the Complaint and therefore denies same.

64.     The allegations in Paragraph 64 pertain solely to Defendant Gerringer and thus Paragraph 64 does not contain any factual allegations to which a response is required by the Board, but, to the extent it may be construed as containing factual allegations against the Board, the Board denies that Defendant Gerringer spoke at the March 25, 2019 Board meeting.

65.     The allegations in Paragraph 65 pertain solely to Defendant Gerringer and thus Paragraph 65 does not contain any factual allegations to which a response is required by the Board. Moreover, the allegations set forth in Paragraph 65 contain legal conclusions and argument to which no response is required.  To the extent it may be construed as containing factual allegations against the Board, the Board is without sufficient information to admit or deny the allegations in Paragraph 65 of the Complaint and therefore denies same.

66.     To the extent Plaintiff Bomar commenced employment with the Board on or about August 22, 2007 in the position of Assistant Principal I at Joppatowne High School and served in that position until the 2009-2010 school year, when she was transferred to the position of Assistant Principal in the Alternate Education Program through the 2011-2012 school year, and then was transferred to the position of Assistant Principal at Joppatowne High School for the 2012-2013

through 2016-2017 school years, and then served as an Assistant Principal at Edgewood High School during the 2017-2018 and 2018-2019 school years, it is admitted. The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 66 of the Complaint and therefore denies same.

67.    The Board is without sufficient information to admit or deny the allegations in Paragraph 67 of the Complaint and therefore denies same.

68.    To the extent Plaintiff Bomar was assigned to the position of Assistant Principal at Edgewood High School during the 2018-2019 school year, Principal Kilo Mack served as her immediate supervisor, and Principal Mack submitted a supervisory reference for Plaintiff Bomar during the 2019 Assistant Principal Reassignment Process in which he classified her as "Do not Recommend," it is admitted.  The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 68 of the Complaint and therefore denies same.

69.    To the extent Plaintiff Bomar participated in the 2019 Assistant Principal Reassignment process, it is admitted.  The Board denies the remaining allegations in Paragraph 69 of the Complaint.

70.    To the extent Plaintiff Bomar met with Joseph Schmitz and Kilo Mack and was informed that she was not selected for an Assistant Principal position during the 2019 Assistant Principal Reassignment process and would be placed in the Assistant Principal pool of eligible candidates for 3 years, it is admitted.  The Board is without sufficient information to admit or deny the allegation that the meeting took place on April 17, 2019 and thus denies same.

71.    To the extent Plaintiff Bomar was informed that she was not selected for an Assistant Principal position during the 2019 Assistant Principal Reassignment process and was

placed in the Assistant Principal pool for 3 years, it is admitted.  The Board denies the allegation in the first sentence of Paragraph 71 of the Complaint.

72.     To the extent Plaintiff Bomar reviewed her personnel file on April 24, 2019 and was not selected for an Assistant Principal position during the 2019 Assistant Principal Reassignment process and was placed in the Assistant Principal pool for 3 years, it is admitted. The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 72 of the Complaint and therefore denies same.

73.     To the extent Plaintiff Hall commenced employment with the Board effective August 23, 2000 as a Special Education Teacher and served in that capacity from the 2000-2001 school year to the 2006-2007 school year, and then was transferred to the position of Assistant Principal at Southampton Middle School where she served during the 2007-2008 through 2014-2015 school years, and then was transferred to the position of Assistant Principal at Patterson Mill Middle/High School during the 2015-2016 school year through the 2018-2019 school year, it is admitted. The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 73 of the Complaint and therefore denies same.

74.     The Board admits the allegations in Paragraph 74 of the Complaint.

75.     The Board is without sufficient information to admit or deny the allegations in Paragraph 75 of the Complaint and therefore denies same.

76.     The Board admits that Sean Abel is identified in the Negotiated Agreement as having "confirmed" the Negotiated Agreement reached between the Board and APSASHC and states affirmatively its understanding that the terms of the Negotiated Agreement were ratified by the members of APSASHC.  The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 76 of the Complaint and therefore denies same.

77.     The Board denies allegations in Paragraph 77 of the Complaint.

78.     The Board denies allegations in Paragraph 78 of the Complaint.

79.     The Board denies allegations in Paragraph 79 of the Complaint.

80.     To the extent Plaintiff Hall participated in the 2019 Assistant Principal Reassignment process, it is admitted.  The Board denies the remaining allegations in Paragraph 80 of the Complaint.

81.     The Board is without sufficient information to admit or deny the allegations in Paragraph 81 of the Complaint and therefore denies same.

82.     To the extent that on March 12, 2019, Plaintiff Hall served as the School Test Coordinator and met with Sean Abel, Principal of Patterson Mill Middle/High School, Mr. Phil Snyder, Supervisor of Accountability, and Mrs. Sara Saacks, Assistant Supervisor of Accountability to discuss concerns about the school's readiness to implement the eighth grade Maryland Integrated Science Assessment (MISA) which was scheduled to be administered March 13 – 14, 2019, it is admitted. The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 82 of the Complaint and therefore denies same.

83.     To the extent that "it was determined that [Plaintiff Hall] [was] not prepared to administer MISA beginning March 13" because "[s]tudent testing rosters were not accurate, including the omission of some students from any testing groups and students needing accommodations assigned to incorrect groups[,]" "[t]est Administrators were not aware of which students they would be testing the next day as rosters were not provided to them; moreover, those Test Administrators who were working with students with accommodations were not aware of the specific accommodations each student was to be provided" and "[a]s witnessed by Mrs. Saacks and Mr. Snyder on March 12, Test Administrator bins with the required resources were not fully

prepared for testing on March 13[,]" it is admitted. The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 83 of the Complaint and therefore denies same.

84.     To the extent that during the March 12, 2019 interaction with Mr. Snyder and Mrs. Saacks, Plaintiff Hall accused Mrs. Saaks of making personal attacks against her, it is admitted. The Board denies the remaining allegations in Paragraph 84 of the Complaint.

85.     To the extent that Dr. Abel was present during the March 12, 2019 meeting with Plaintiff Hall, Mr. Snyder, and Mrs. Saacks, it is admitted.

86.     The Board denies the allegations in Paragraph 86 of the Complaint.

87.     The Board denies the allegations in Paragraph 87 of the Complaint.

88.     To the extent Dr. Abel issued a letter to Plaintiff Hall dated March 19, 2019 in which he noted that Plaintiff Hall's responses to questions by Mr. Snyder and Mrs. Saacks "were at times unprofessional[,]" that Plaintiff Hall "accused Mrs. Saacks of making personal attacks on [her]," that "these accusations were baseless with no factual foundation" and that "[t]hese behaviors, as well as [Plaintiff Hall's] lack of action in preparing for the MISA testing is not acceptable" and thus the letter served as a "written reprimand," it is admitted.  The Board denies the remaining allegations in Paragraph 88 of the Complaint.

89.     To the extent Dr. Abel issued a letter of reprimand dated March 19, 2019 to Plaintiff Hall, it is admitted.  The Board denies the remaining allegations in Paragraph 89 of the Complaint.

90.     The Board denies the allegations in Paragraph 90 of the Complaint.

91.     The Board denies the allegations in Paragraph 91 of the Complaint.

92.     The Board denies the allegations in Paragraph 92 of the Complaint.

93.     To the extent Plaintiff Hall was approved to take FMLA leave effective April 24, 2019 with an expected return-to-work date of June 14, 2019, it is admitted.  The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 93 of the Complaint and thus denies same.

94.     To the extent Plaintiff Hall was not selected for an Assistant Principal position during the 2019 Assistant Principal Reassignment process and was reassigned to the position of Teacher at Meadowvale Elementary School pursuant to Section 6-201 of the Education Article of the Annotated Code of Maryland and placed in the Assistant Principal pool of eligible candidates for 3 years, it is admitted.  The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 94 of the Complaint and thus denies same.

95.     To the extent Plaintiff Adkins commenced employment with the Board effective July 3, 2017 in the position of Assistant Principal at Emmorton Elementary School, it is admitted. The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 95 of the Complaint and thus denies same.

96.      The Board is without sufficient information to admit or deny the allegations in Paragraph 96 of the Complaint and thus denies same.

97.     To the extent Plaintiff Adkins served as an Assistant Principal at Emmorton Elementary School during the 2018-2018 school year, it is admitted.  The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 97 of the Complaint and thus denies same.

98.     To the extent Plaintiff Adkins participated in the 2019 Assistant Principal Reassignment process, it is admitted.  The Board denies the remaining allegations in Paragraph 98 of the Complaint.

17

99.     The Board is without sufficient information to admit or deny the allegations in Paragraph 99 of the Complaint and thus denies same.

100.     The Board denies the allegations in Paragraph 100 of the Complaint.

101.     To the extent Plaintiff Adkins met with Mr. Snyder on March 15, 2019 regarding MISA testing, it is admitted.  The Board denies the remaining allegations in Paragraph 101 of the Complaint.

102.     To the extent Mr. Snyder informed Plaintiff Adkins that she would no longer serve as the School Test Coordinator or Alternate School Test Coordinator, it is admitted.  The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 102 of the Complaint and thus denies same.

103.     To the extent Plaintiff Adkins was approved to take FMLA leave effective March 19, 2019 with an expected return-to-work date of April 5, 2019, it is admitted.  The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 103 of the Complaint and thus denies same.

104.     To the extent Plaintiff Adkins sent an email dated April 5, 2019 to Mr. Snyder, Ms. Spencer, and Jeffrey Fradel, Senior Manager of Staff and Labor Relations for HCPS, complaining of her "feelings of intimidation, bullying, unfair treatment, and retaliation" by Mr. Snyder, and that Plaintiff's email was forwarded to Melanie Wernig, Coordinator of Internal Investigation in HCPS's Human Resources Department, for investigation, it is admitted.  The Board denies the remaining allegations in Paragraph 104 of the Complaint.

105.     To the extent Plaintiff Adkins was removed from the School Test Coordinator role because Plaintiff Adkins failed to complete numerous responsibilities associated with her role, it

is admitted. The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 105 of the Complaint and thus denies same.

106.    To the extent Plaintiff Adkins' complaint was promptly and thoroughly investigated by Ms. Wernig and that Ms. Wernig concluded that Plaintiff Adkins' complaints were unsubstantiated and that Mr. Snyder and Ms. Spencer had legitimate, nondiscriminatory reasons for removing Plaintiff Adkins from the School Test Coordinator and Alternate School Test Coordinator roles, it is admitted. The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 106 of the Complaint and thus denies same.

107.    To the extent Plaintiff Adkins was not selected for an Assistant Principal position during the 2019 Assistant Principal Reassignment process and was reassigned to the position of Special Education Teacher at John Archer School pursuant to Section 6-201 of the Education Article of the Annotated Code of Maryland and placed in the Assistant Principal pool of eligible candidates for 3 years, it is admitted. The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 107 of the Complaint and thus denies same.

108.    The Board denies the allegations in Paragraph 108 of the Complaint.

109.    The Board is without sufficient information to admit or deny the allegations in Paragraph 109 of the Complaint and thus denies same.

110.    To the extent Plaintiff Stallings served in the role of Assistant Principal at Havre de Grace High School during the 2018-2019 school year, it is admitted. The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 110 of the Complaint and thus denies same.

111.    To the extent Plaintiff Stallings participated in the 2019 Assistant Principal Reassignment process, it is admitted.  The Board denies the remaining allegations in Paragraph 111 of the Complaint.

112.    To the extent Plaintiff Stallings was not selected for an Assistant Principal position during the 2019 Assistant Principal Reassignment process and was reassigned to the position of School Counselor at Fallston High School pursuant to Section 6-201 of the Education Article of the Annotated Code of Maryland and placed in the Assistant Principal pool of eligible candidates for 3 years, it is admitted.  The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 112 of the Complaint and thus denies same.

113.    To the extent that African American male and female as well as Caucasian male and female candidates were selected for Assistant Principal positions during the 2019 Assistant Principal reassignment process, it is admitted. The Board denies the remaining allegations in Paragraph 113 of the Complaint.

114.    To the extent that individuals both over and under the age of forty (40) were selected for Assistant Principal positions during the 2019 Assistant Principal reassignment process, it is admitted.

115.    The Board is without sufficient information to admit or deny the allegations in Paragraph 115 of the Complaint and thus denies same.

116.    The Board admits the allegations in Paragraph 116 of the Complaint.

117.    The Board denies the allegations in Paragraph 117 of the Complaint.

118.    The Board denies the allegations in Paragraph 118 of the Complaint.

119.    The Board denies the allegations in Paragraph 119 of the Complaint.

120.    The Board denies the allegations in Paragraph 120 of the Complaint.

121.    The Board denies the allegations in Paragraph 121 of the Complaint.

122.    The Board denies the allegations in Paragraph 122 of the Complaint.

123.    The Board denies the allegations in Paragraph 123 of the Complaint.

124.    The Board denies the allegations in Paragraph 124 of the Complaint.

125.    The Board admits the allegations in Paragraph 125 of the Complaint.

126.    The Board admits the allegations in Paragraph 126 of the Complaint.

127.    The Board denies the characterization of Dr. Bulson's comments as described in Paragraph 127 of the Complaint and states affirmatively that Dr. Bulson reiterated the details of the process that was followed and communicated his belief that the process followed was fair and objective.

128.    The Board denies the allegations in Paragraph 128 of the Complaint.

129.    The Board denies the allegations in Paragraph 129 of the Complaint.

130.    The Board admits that Plaintiffs filed charges with the Maryland Commission on Civil Rights ("MCCR") but is without sufficient information to admit or deny the remaining the allegations in Paragraph 130 of the Complaint and thus denies same.

131.    The Board admits the allegations in Paragraph 131 of the Complaint and clarifies that Mr. O'Brien's position is titled "Executive Director of Secondary School Instruction and Performance."

132.    The Board denies the allegations in Paragraph 132 of the Complaint.

133.    The Board denies the allegations in Paragraph 133 of the Complaint.

134.    The Board is without sufficient information to admit or deny the allegations in Paragraph 134 of the Complaint and thus denies same.

135.    The Board denies the allegations in Paragraph 135 of the Complaint and states affirmatively that on May 28, 2020, a notice of four (4) Assistant Principal vacancies at the secondary level was sent by the Board's Human Resources department to all individuals in the Assistant Principal pool at the time.

136.    The Board is without sufficient information to admit or deny the allegations in Paragraph 136 of the Complaint and thus denies same.

137.    The Board denies the allegations in Paragraph 137 of the Complaint.

### COUNT I: COMMON LAW FRAUD/INTENTIONAL MISREPRESENTATION (All Plaintiffs Against Stacey Gerringer)

138.    The Board incorporates by reference its responses to Paragraphs 1 through 137 of the Complaint.

139.    Paragraph 139 through 159 of the Complaint pertain solely to the claims against Defendant Gerrigner, and thus does not contain any factual allegations to which a response is required by the Board, but to the extent it may be construed as doing so, the Board denies same.

### COUNT II: VIOLATION OF 42 USC § 1983 (All Plaintiffs against Sean Bulson in his Individual Capacity)

140.    The Board incorporates by reference its responses to Paragraphs 1 through 159 of the Complaint.

141.    Paragraphs 161 through 169 of the Complaint pertain solely to the claims against Defendant Bulson who has filed a Motion to Dismiss.  Thus, Paragraphs 161 through 169 do not contain any factual allegations to which a response is required by the Board, but to the extent it may be construed as doing so, the Board denies same.

**COUNT III: DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL
RIGHTS ACT OF 1964, 42 USC § 2000e, et. seq. (All Plaintiffs Against HCPS – Disparate
Treatment)**

142.    The Board incorporates by reference its responses to Paragraphs 1 through 169 of
the Complaint.

143.    The Board admits that Plaintiffs are African American and female. The remaining
allegations in Paragraph 171 of the Complaint contain legal arguments and/or conclusions to which
the Board is not required to respond, but to the extent they may be construed as containing any
factual allegations, the Board denies same. .

144.    The Board denies the allegations in Paragraph 172 of the Complaint.

145.    The Board denies the allegations in Paragraph 173 of the Complaint.

146.    To the extent the Board and APSASHC entered into a Negotiated Agreement
effective July 1, 2018, and pursuant to Article 1.1 APSASCH was recognized as the exclusive
representative of the administrators and supervisors unit of the school system in accordance with
Education Article, Title 6, Subtitle 4, of the Annotated Code of Maryland, it is admitted.  To the
extent the Harford County Public Schools Procedure titled "Reduction in Force: Administrative
and Supervisory Personnel" was amended on December 13, 2018 and provides, in relevant part,
that the "Superintendent will identify what positions will be reduced or eliminated[,]" it is
admitted. The Board is without sufficient information to admit or deny the remaining allegations
in Paragraph 174 of the Complaint and therefore denies same.

147.    To the extent that in the process of formulating the FY 2020 budget and in an effort
to close a $35 million budget gap in HCPS for FY 2020 to create a more sustainable budget,
Superintendent Bulson proposed approximately $27.4 million in permanent budget reductions by
reducing instructional and administration positions at the elementary, secondary, and central office

23

levels, it is admitted. The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 175 of the Complaint and therefore denies same.

148.     To the extent the Administrative Positions and Staff Reductions included converting all Assistant Principals from a mixture of 10 and 12 month positions to all 12 month positions and reducing the total number of Assistant Principal Positions, it is admitted. The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 176 of the Complaint and therefore denies same.

149.     The Board denies the allegations in Paragraph 177 of the Complaint.

150.     The Board denies the allegations in Paragraph 178 of the Complaint.

151.     The Board denies the allegations in Paragraph 179 of the Complaint.

152.     The Board denies the allegations in Paragraph 180 of the Complaint.

153.     The Board denies the allegations in Paragraph 181 of the Complaint.

**COUNT IV: DISCRIMINATION IN VIOLATION OF THE MARYLAND FAIR EMPLOYMENT PRACTICES ACT, MARYLAND ANNOTATED CODE, STATE GOVERNMENT ARTICLE, § 20-601, ET. SEQ. (All Plaintiffs against HCPS – Disparate Treatment.**

154.     The Board incorporates by reference its responses to Paragraphs 1 through 181 of the Complaint.

155.     The Board admits that Plaintiffs are African American and female. The remaining allegations in Paragraph 183 of the Complaint contain legal arguments and/or conclusions to which the Board is not required to respond, but to the extent they may be construed as containing any factual allegations, the Board denies same. .

156.     The Board denies the allegations in Paragraph 184 of the Complaint.

157.     The Board denies the allegations in Paragraph 185 of the Complaint.

24

158.     To the extent the Board and APSASHC entered into a Negotiated Agreement effective July 1, 2018, and pursuant to Article 1.1 APSASCH was recognized as the exclusive representative of the administrators and supervisors unit of the school system in accordance with Education Article, Title 6, Subtitle 4, of the Annotated Code of Maryland, it is admitted.   To the extent the Harford County Public Schools Procedure titled "Reduction in Force: Administrative and Supervisory Personnel" was amended on December 13, 2018 and provides, in relevant part, that the "Superintendent will identify what positions will be reduced or eliminated[,]" it is admitted. The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 186 of the Complaint and therefore denies same.

159.     To the extent that in the process of formulating the FY 2020 budget and in an effort to close a $35 million budget gap in HCPS for FY 2020 to create a more sustainable budget, Superintendent Bulson proposed approximately $27.4 million in permanent budget reductions by reducing instructional and administration positions at the elementary, secondary, and central office levels, it is admitted. The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 187 of the Complaint and therefore denies same.

160.     To the extent the Administrative Positions and Staff Reductions included converting all Assistant Principals from a mixture of 10 and 12 month positions to all 12 month positions and reducing the total number of Assistant Principal Positions, it is admitted. The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 188 of the Complaint and therefore denies same.

161.     The Board denies the allegations in Paragraph 189 of the Complaint.

162.    The Board denies the allegations in Paragraph 190 of the Complaint.

163.    The Board denies the allegations in Paragraph 191 of the Complaint.

164.    The Board denies the allegations in Paragraph 192 of the Complaint.

165.    The Board denies the allegations in Paragraph 193 of the Complaint.

**COUNT V: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 USC § 2000E, et. seq. (All Plaintiffs against HCPS)**

166.    The Board incorporates by reference its responses to Paragraphs 1 through 193 of the Complaint.

167.    The Board denies the allegations in Paragraph 195 of the Complaint.

168.    The Board denies the allegations in Paragraph 196 of the Complaint.

169.    The Board denies the allegations in Paragraph 197 of the Complaint.

170.    The Board denies the allegations in Paragraph 198 of the Complaint.

171.    The Board denies the allegations in Paragraph 199 of the Complaint.

172.    The Board is without sufficient information to admit or deny the allegations in Paragraph 200 of the Complaint, and therefore denies same.

173.    The Board denies the allegations in Paragraph 201 of the Complaint.

174.    The Board denies the allegations in Paragraph 202 of the Complaint.

175.    The Board admits the allegations in Paragraph 203 of the Complaint.

176.    The Board denies the allegations in Paragraph 204 of the Complaint.

177.    The Board denies the allegations in Paragraph 205 of the Complaint.

178.    The Board denies the allegations in Paragraph 206 of the Complaint.

179.    The Board denies the allegations in Paragraph 207 of the Complaint.

**COUNT VI: RETALIATION IN VIOLATION OF THE MARYLAND FAIR EMPLOYMENT PRACTICES ACT, MARYLAND ANNOTATED CODE, STATE GOVERNMENT ARTICLE, § 20-601, et. seq. (All Plaintiffs against HCPS – Disparate Treatment.**

180.     The Board incorporates by reference its responses to Paragraphs 1 through 207 of the Complaint.

181.     The Board denies the allegations in Paragraph 209 of the Complaint.

182.     The Board denies the allegations in Paragraph 210 of the Complaint.

183.     The Board denies the allegations in Paragraph 211 of the Complaint.

184.     The Board denies the allegations in Paragraph 212 of the Complaint.

185.     The Board denies the allegations in Paragraph 213 of the Complaint.

186.     The Board is without sufficient information to admit or deny the allegations in Paragraph 214 of the Complaint, and therefore denies same.

187.     The Board denies the allegations in Paragraph 215 of the Complaint.

188.     The Board denies the allegations in Paragraph 216 of the Complaint.

189.     The Board admits the allegations in Paragraph 217 of the Complaint.

190.     The Board denies the allegations in Paragraph 218 of the Complaint.

191.     The Board denies the allegations in Paragraph 219 of the Complaint.

192.     The Board denies the allegations in Paragraph 220 of the Complaint.

193.     The Board denies the allegations in Paragraph 221 of the Complaint.

**COUNT VII: AGE DISCRIMINATION IN VIOLATION OF 29 USC § 621, et seq. (All Plaintiffs against HCPS)**

194.     The Board incorporates by reference its responses to Paragraphs 1 through 221 of the Complaint.

195.     The Board admits that Plaintiffs are above the age of forty (40).  The remaining allegations in Paragraph 223 of the Complaint contain legal arguments and/or conclusions to which the Board is not required to respond, but to the extent they may be construed as containing any factual allegations, the Board denies same.

196.     The Board denies the allegations in Paragraph 224 of the Complaint.

197.     The Board denies the allegations in Paragraph 225 of the Complaint.

198.     To the extent the Board and APSASHC entered into a Negotiated Agreement effective July 1, 2018, and pursuant to Article 1.1 APSASCH was recognized as the exclusive representative of the administrators and supervisors unit of the school system in accordance with Education Article, Title 6, Subtitle 4, of the Annotated Code of Maryland, it is admitted.  To the extent the Harford County Public Schools Procedure titled "Reduction in Force: Administrative and Supervisory Personnel" was amended on December 13, 2018 and provides, in relevant part, that the "Superintendent will identify what positions will be reduced or eliminated[,]" it is admitted. The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 226 of the Complaint and therefore denies same.

199.     To the extent that in the process of formulating the FY 2020 budget and in an effort to close a $35 million budget gap in HCPS for FY 2020 to create a more sustainable budget, Superintendent Bulson proposed approximately $27.4 million in permanent budget reductions by reducing instructional and administration positions at the elementary, secondary, and central office levels, it is admitted. The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 227 of the Complaint and therefore denies same.

200.     To the extent the Administrative Positions and Staff Reductions included converting all Assistant Principals from a mixture of 10 and 12 month positions to all 12 month positions and reducing the total number of Assistant Principal Positions, it is admitted. The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 228 of the Complaint and therefore denies same.

201.     The Board denies the allegations in Paragraph 229 of the Complaint.

202.     The Board denies the allegations in Paragraph 230 of the Complaint.

203.     The Board denies the allegations in Paragraph 231 of the Complaint.

204.     The Board denies the allegations in Paragraph 232 of the Complaint.

205.     The Board denies the allegations in Paragraph 233 of the Complaint.

206.     The Board denies the allegations in Paragraph 234 of the Complaint.

**COUNT VIII: AGE DISCRIMINATION IN VIOLATION OF MARYLAND FAIR EMPLOYMENT PRACTICES ACT, MARYLAND ANNOTATED CODE, STATE GOVERNMENT ARTICLE § 20-601, et seq. (All Plaintiffs against HCPS)**

207.     The Board incorporates by reference its responses to Paragraphs 1 through 234 of the Complaint.

208.     The Board admits that Plaintiffs are above age forty (40).   The remaining allegations in Paragraph 236 of the Complaint contain legal arguments and/or conclusions to which the Board is not required to respond, but to the extent they may be construed as containing any factual allegations, the Board denies same.

209.     The Board denies the allegations in Paragraph 237 of the Complaint.

210.     The Board denies the allegations in Paragraph 238 of the Complaint.

211.     To the extent that in the process of formulating the FY 2020 budget and in an effort to close a $35 million budget gap in HCPS for FY 2020 to create a more sustainable budget,

Superintendent Bulson proposed approximately $27.4 million in permanent budget reductions by reducing instructional and administration positions at the elementary, secondary, and central office levels, it is admitted. The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 239 of the Complaint and therefore denies same.

212.     To the extent the Administrative Positions and Staff Reductions included converting all Assistant Principals from a mixture of 10 and 12 month positions to all 12 month positions and reducing the total number of Assistant Principal Positions, it is admitted. The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 240 of the Complaint and therefore denies same.

213.     To the extent the Board and the APSASHC entered into a Negotiated Agreement effective July 1, 2018, and pursuant to Article 1.1 APSASCH was recognized as the exclusive representative of the administrators and supervisors unit of the school system in accordance with Education Article, Title 6, Subtitle 4, of the Annotated Code of Maryland, it is admitted.   To the extent the Harford County Public Schools Procedure titled "Reduction in Force: Administrative and Supervisory Personnel" was amended on December 13, 2018 and provides, in relevant part, that the "Superintendent will identify what positions will be reduced or eliminated[,]" it is admitted. The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 241 of the Complaint and therefore denies same.

214.     The Board denies the allegations in Paragraph 242 of the Complaint.

215.     The Board denies the allegations in Paragraph 243 of the Complaint.

216.     The Board denies the allegations in Paragraph 244 of the Complaint.

30

217.     The Board denies the allegations in Paragraph 245 of the Complaint.

218.     The Board denies the allegations in Paragraph 246 of the Complaint.

219.     The Board denies the allegations in Paragraph 247 of the Complaint.

**COUNT IX: RETALIATION IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT (29 U.S.C. § 2611, et. seq.) (Letina Hall and Shakera Adkins Against HCPS Only)**

220.     The Board incorporates by reference its responses to Paragraphs 1 through 247 of the Complaint.

221.     To the extent Plaintiff Hall commenced employment with the Board effective August 23, 2000 as a Special Education Teacher and served in that capacity from the 2000-2001 school year to the 2006-2007 school year, and then was transferred to the position of Assistant Principal at Southampton Middle School where she served during the 2007-2008 through 2014-2015 school years, and then was transferred to the position of Assistant Principal at Patterson Mill Middle/High School during the 2015-2016 school year through the 2018-2019 school year, it is admitted. The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 249 of the Complaint and therefore denies same.

222.     To the extent Plaintiff Adkins commenced employment with the Board effective July 3, 2017 in the position of Assistant Principal at Emmorton Elementary School, it is admitted.  The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 250 of the Complaint and thus denies same.

223.     To the extent both Plaintiffs Adkins and Hall participated in the 2019 Assistant Principal Reassignment process, it is admitted.  The Board denies the remaining allegations in Paragraph 251 of the Complaint.

224.      The Board is without sufficient information to admit or deny the allegations in Paragraph 252 of the Complaint and thus denies same.

225.      The Board is without sufficient information to admit or deny the allegations in Paragraph 253 of the Complaint and therefore denies same.

226.      To the extent Plaintiff Adkins was approved to take FMLA leave effective March 19, 2019 with an expected return-to-work date of April 5, 2019, it is admitted.  The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 254 of the Complaint and thus denies same.

227.      To the extent Plaintiff Adkins was removed from the School Test Coordinator role because Plaintiff Adkins failed to complete numerous responsibilities associated with her role, it is admitted.  The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 255 of the Complaint and thus denies same.

228.      To the extent Plaintiff Hall was approved to take FMLA leave effective April 24, 2019 with an expected return-to-work date of June 14, 2019, it is admitted.  The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 256 of the Complaint and thus denies same.

229.      To the extent Plaintiff Hall was not selected for an Assistant Principal position during the 2019 Assistant Principal Reassignment process and was reassigned to the position of Teacher at Meadowvale Elementary School pursuant to Section 6-201 of the Education Article of the Annotated Code of Maryland and placed in the Assistant Principal pool of eligible candidates for 3 years, it is admitted.  The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 257 of the Complaint and thus denies same.

230.    The Board denies the allegations in Paragraph 258 of the Complaint.

231.    To the extent Plaintiff Hall was placed in the Assistant Principal pool of eligible

candidates for 3 years, it is admitted.  The Board is without sufficient information to admit

or deny the remaining allegations in Paragraph 259 of the Complaint and thus denies same.

232.    The Board admits the allegations in Paragraph 260 of the Complaint.

233.    The Board denies the allegations in Paragraph 261 of the Complaint.

234.    The Board denies the allegations in Paragraph 262 of the Complaint.

**COUNT X: DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL
RIGHTS ACT OF 1964, 42 USC § 2000e, et. seq. (All Plaintiffs Against HCPS – Disparate
Impact)**

235.    The Board incorporates by reference its responses to Paragraphs 1 through 262 of

the Complaint.

236.    The Board admits that Plaintiffs are African American and female. The remaining

allegations in Paragraph 264 of the Complaint contain legal arguments and/or conclusions

to which the Board is not required to respond, but to the extent they may be construed as

containing any factual allegations, the Board denies same.

237.    The Board denies the allegations in Paragraph 265 of the Complaint.

238.    The Board denies the allegations in Paragraph 266 of the Complaint.

239.    To the extent that in the process of formulating the FY 2020 budget and in an effort

to close a $35 million budget gap in HCPS for FY 2020 to create a more sustainable budget,

Superintendent Bulson proposed approximately $27.4 million in permanent budget

reductions by reducing instructional and administration positions at the elementary,

secondary, and central office levels, it is admitted. The Board is without sufficient

information to admit or deny the remaining allegations in Paragraph 267 of the Complaint and therefore denies same.

240.     To the extent the Administrative Positions and Staff Reductions included converting all Assistant Principals from a mixture of 10 and 12 month positions to all 12 month positions and reducing the total number of Assistant Principal Positions, it is admitted. The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 268 of the Complaint and therefore denies same.

241.     To the extent the Board and APSASHC entered into a Negotiated Agreement effective July 1, 2018, and pursuant to Article 1.1 APSASCH was recognized as the exclusive representative of the administrators and supervisors unit of the school system in accordance with Education Article, Title 6, Subtitle 4, of the Annotated Code of Maryland, it is admitted.   To the extent the Harford County Public Schools Procedure titled "Reduction in Force: Administrative and Supervisory Personnel" was amended on December 13, 2018 and provides, in relevant part, that the "Superintendent will identify what positions will be reduced or eliminated[,]" it is admitted. The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 269 of the Complaint and therefore denies same.

242.     The Board denies the allegations in Paragraph 270 of the Complaint.

243.     The Board denies the allegations in Paragraph 271 of the Complaint.

244.     The Board denies the allegations in Paragraph 272 of the Complaint.

245.     The Board denies the allegations in Paragraph 273 of the Complaint.

246.     The Board denies the allegations in Paragraph 274 of the Complaint.

247.     The Board denies the allegations in Paragraph 275 of the Complaint.

248.     The Board denies the allegations in Paragraph 276 of the Complaint.

249.     The Board denies the allegations in Paragraph 277 of the Complaint.

250.     The Board denies the allegations in Paragraph 278 of the Complaint.

251.     The Board denies the allegations in Paragraph 279 of the Complaint.

252.     The Board denies the allegations in Paragraph 280 of the Complaint.

253.     The Board denies the allegations in Paragraph 281 of the Complaint.

254.     The Board denies the allegations in Paragraph 282 of the Complaint.

### COUNT XI: DISCRIMINATION IN VIOLATION OF MARYLAND FAIR EMPLOYMENT PRACTICES ACT, MARYLAND ANNOTATED CODE, STATE GOVERNMENT ARTICLE § 20-601, et seq. (All Plaintiffs against HCPS – Disparate Impact)

255.     The Board incorporates by reference its responses to Paragraphs 1 through 282 of the Complaint.

256.     The Board admits that Plaintiffs are African American and female. The remaining allegations in Paragraph 284 of the Complaint contain legal arguments and/or conclusions to which the Board is not required to respond, but to the extent they may be construed as containing any factual allegations, the Board denies same.

257.     The Board denies the allegations in Paragraph 285 of the Complaint.

258.     The Board denies the allegations in Paragraph 286 of the Complaint.

259.     To the extent the Board and APSASHC entered into a Negotiated Agreement effective July 1, 2018, and pursuant to Article 1.1 APSASCH was recognized as the exclusive representative of the administrators and supervisors unit of the school system in accordance with Education Article, Title 6, Subtitle 4, of the Annotated Code of Maryland, it is admitted.   To the extent the Harford County Public Schools Procedure titled

"Reduction in Force: Administrative and Supervisory Personnel" was amended on December 13, 2018 and provides, in relevant part, that the "Superintendent will identify what positions will be reduced or eliminated[,]" it is admitted. The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 287 of the Complaint and therefore denies same.

260.    To the extent that in the process of formulating the FY 2020 budget and in an effort to close a $35 million budget gap in HCPS for FY 2020 to create a more sustainable budget, Superintendent Bulson proposed approximately $27.4 million in permanent budget reductions by reducing instructional and administration positions at the elementary, secondary, and central office levels, it is admitted. The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 288 of the Complaint and therefore denies same.

261.    To the extent the Administrative Positions and Staff Reductions included converting all Assistant Principals from a mixture of 10 and 12 month positions to all 12 month positions and reducing the total number of Assistant Principal Positions, it is admitted. The Board is without sufficient information to admit or deny the remaining allegations in Paragraph 289 of the Complaint and therefore denies same.

262.    The Board denies the allegations in Paragraph 290 of the Complaint.

263.    The Board denies the allegations in Paragraph 291 of the Complaint.

264.    The Board denies the allegations in Paragraph 292 of the Complaint.

265.    The Board denies the allegations in Paragraph 293 of the Complaint.

266.    The Board denies the allegations in Paragraph 294 of the Complaint.

267.    The Board denies the allegations in Paragraph 295 of the Complaint.

268.      The Board denies the allegations in Paragraph 296 of the Complaint.

269.      The Board denies the allegations in Paragraph 297 of the Complaint.

270.      The Board denies the allegations in Paragraph 298 of the Complaint.

271.      The Board denies the allegations in Paragraph 299 of the Complaint.

272.      The Board denies the allegations in Paragraph 300 of the Complaint.

273.      The Board denies the allegations in Paragraph 301 of the Complaint.

274.      The Board denies the allegations in Paragraph 302 of the Complaint.

## PRAYER FOR RELIEF

**1.** The statements contained in the Plaintiffs' Prayer for Relief paragraphs contain legal conclusions and claims for relief  that the Board is neither required to admit nor deny; however, the Board states affirmatively that punitive damages may not be awarded against the Board as a matter of law.

## THIRD DEFENSE

As an affirmative defense, the Board states that any and all actions taken by it were in accordance with applicable law.

## FOURTH DEFENSE

As an affirmative defense, the Board states that Plaintiffs' claims are barred by failure to exhaust administrative remedies.

## FIFTH DEFENSE

As an affirmative defense, the Board states that Plaintiffs' claims are barred by failure to exhaust contractual remedies.

## SIXTH DEFENSE

As an affirmative defense, the Board states that Plaintiffs' claims are barred by the doctrine of sovereign immunity pursuant to Md. Code Ann., Cts. & Jud. Proc. § 5-518 as well as Eleventh Amendment Immunity.

## SEVENTH DEFENSE

The Board is not legally responsible for any injuries or damages allegedly sustained by Plaintiffs about which they complain.

## EIGHTH DEFENSE

No act or omission on the part of the Board or its employees caused or contributed to any of the injuries or damages claimed by Plaintiffs and, therefore, Plaintiffs are not entitled to recovery from the Board.

## NINTH DEFENSE

Plaintiffs had a legal and equitable duty to act reasonably in order to mitigate damages, to the extent there were any, arising from the matters alleged in the Complaint.  The Board is informed and believes, and on that ground alleges, that Plaintiffs have failed to discharge the duty to mitigate their alleged damages and, consequently, Plaintiffs are barred in whole or in part from the recovery of damages.

## TENTH DEFENSE

The Board had legitimate, non-discriminatory reasons for any and all employment actions affecting Plaintiffs herein.

## ELEVENTH DEFENSE

The Board states that Plaintiffs' claims for compensatory damages in excess of statutory limits are barred.

WHEREFORE, having fully answered each and every allegation against it, the Board prays that this Honorable Court dismiss the Complaint along with an award of costs and such other and further relief as the Court deems appropriate.

Respectfully submitted,

/s/_____
Edmund J. O'Meally, Fed. Bar No. 04910
Adam E. Konstas, Fed. Bar No. 18957
PESSIN KATZ LAW, P.A.
901 Dulaney Valley Road, Suite 500
Towson, Maryland  21204
(410) 339-6757; Fax:  (410) 832-5654
eomeally@pklaw.com
akonstas@pklaw.com

**COUNSEL FOR THE BOARD OF EDUCATION OF HARFORD COUNTY AND SUPERINTENDENT SEAN BULSON**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of May, 2021, a copy of the foregoing Answer was filed in the United States District Court (Northern Division) and electronically served upon all counsel of record through the Court's CM/ECF system.

/s/ (filed electronically)
_____
Edmund J. O'Meally