**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHAMBERS OF**<br>**J. Mark Coulson**<br>**UNITED STATES MAGISTRATE JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**P: (410) 962-4953 | F: (410) 962-2985**<br>**mdd_jmcchambers@mdd.uscourts.gov** |

May 2, 2023

LETTER ORDER AND OPINION TO COUNSEL

RE:  *Bomar et al v. Board of Education of Harford County et al*
     Civil No. 1:21-cv-00870-LKG

Dear Counsel:

Judge Griggsby referred this matter to me for all discovery and related scheduling on April 21, 2023. (ECF No. 58). This case is predicated on Plaintiffs' claims that Defendants "engaged in discrimination based on Plaintiffs' protected class status (gender/race/age), and retaliation because of Plaintiffs' protected activity (claims of discrimination/FMLA status)." (ECF No. 62 at p. 1). Pursuant to the undersigned's Memorandum to Counsel Concerning Discovery (ECF No. 59), the parties filed a joint letter on April 28, 2023, indicating that a dispute exists concerning Plaintiff's Request for Production ("RFP") No. 18 regarding personnel files of Plaintiffs' comparators. (ECF No. 61). The parties have filed position letters (ECF Nos. 62 & 63). The Court has considered the parties' position letters, and the Court finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons more fully explained below, Plaintiffs' request for the personnel files of comparators is granted in part.

"On November 23, 2022, Plaintiffs requested twenty-one . . . additional personnel files of individuals outside Plaintiffs' protected classes who were promoted to the position of Assistant Principal, despite obtaining lower interview scores than any of the Plaintiffs." (ECF No. 62 at p. 1). Initially, Defendants refused to produce the personnel files on the basis that Plaintiffs' request was "overly broad, unduly burdensome, and harassing." *Id.* at pp. 1–2. Thereafter, Defendants clarified that they were objecting because the "candidate personnel files were not part of those items considered during the 2019 AP reassignment process and thus the subject personnel files are not relevant to any claims or defenses at issue in this case." (ECF No. 63 at pp. 1–2).

Pursuant to Fed. R. Civ. P. 26(b), "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." However, "[p]ersonnel files are discoverable only in limited circumstances given that personal privacy and accurate employee evaluations are important public policy concerns." *U.S. E.E.O.C v. McCormick & Schmick's Seafood Rests.*, No. DKC-11-2695, 2012 WL 3563877, at *4 (D. Md. Aug. 16, 2012) (other citations and internal quotation marks omitted). "In an unpublished decision, the Fourth Circuit indicated that personnel files are discoverable if they contain information relevant to the subject matter of a case and the need for the information outweighs the file holder's privacy interests." *Id.* (citing *Kirkpatrick v. Raleigh Cnty. Bd. of Educ.*, No. 95-2491, 1996 WL 85122, at *2 (4th Cir. Feb. 29, 1996)). As such, this Court has held "that [b]ecause personnel files contain very sensitive private information about non-parties to this litigation, this court must weigh the

significant privacy interests at stake against the need for the information contained in the personnel files." *McCormick*, 2012 WL 3563877 at *4 (quoting *Halim v. Balt. City Bd. of Sch. Comm'rs*, No. WMN-11-2265, 2012 WL 2366338, at *2 (D. Md. June 20, 2012) (internal quotation marks omitted).

Here, Plaintiffs argue that the personnel files which they seek would "provide additional evidence that the comparators were less qualified than Plaintiffs." (ECF No. 62 at p. 2). The only other argument regarding relevancy made by Plaintiff comes in a footnote: "[T]he comparator's personnel records are highly relevant to determining whether Plaintiffs were more qualified and higher performing than comparators outside their protected classes selected to replace them."[1] *Id.* at p. 2, n. 3. Defendants counter by drawing the Court's attention to the fact that

> four current and former Board employees who were involved in the 2019 AP Reassignment process testified that the process involved consideration of a set of data and information specifically created for the process and that the personnel files sought by Plaintiffs, and the evaluations and disciplinary records contained in them were not considered by the decisionmakers in the process.

(ECF No. 63 at p. 2). Rather, the 2019 AP Reassignment process only considered "the candidate resumes, video interview scores (which were compiled into data sets by HR), supervisory reference forms, and the Principal top-5 lists." *Id.* Defendants have cited several depositions to indicate that performance evaluations and disciplinary actions concerning Plaintiffs and their comparators were not considered during the 2019 AP Reassignment process. *Id.* at p. 2.

There is no doubt that the personnel files of Plaintiffs' comparators cannot be considered relevant in their entirety. As such, Plaintiffs are not entitled to the entirety of the personnel files based on that lack of relevance, let alone the significant privacy interests the comparators and Defendants have in those personnel files. However, based on the parties' position letters, it appears that Plaintiff is seeking only those documents within personnel files that are related to performance evaluations and disciplinary actions. Defendants make an apt observation at the end of their position letter: even if a supervisory reference form considered during the 2019 AP Reassignment process mentions either performance evaluations or disciplinary actions, the decisionmakers only considered the supervisory reference forms and therefore only compared Plaintiffs' forms to other supervisory reference forms. *Id.* at p. 3. With that said, the Court appreciates the potential relevancy of documents regarding performance evaluations or disciplinary actions specifically referenced in the supervisory reference forms. Accordingly, it is ordered that by May 15, 2023:

- To the extent they have not already done so, Defendants shall disclose the documents reviewed and relied upon during the 2019 AP Reassignment process, i.e., candidate resumes, video interviews, supervisory reference forms, and the Principal top-5 lists; and

---

[1] Plaintiff also notes the fact that Defendants have previously provided ten personnel files which Plaintiffs did not request. The Court is unfamiliar with whose personnel files Defendants have provided, but the Court recognizes that providing some files does not waive Defendants' right to withhold the twenty-one personnel files Plaintiffs now request.

- If a supervisory reference form for a comparator considered in the 2019 AP Reassignment process makes a specific reference to a document contained in a personnel file regarding a comparator's performance or disciplinary action, Defendants must disclose such a document. Of course, Defendants should redact all confidential personal information in such documents prior to disclosure.

Despite its informal nature, this Letter Order and Opinion is a formal Opinion and Order of the Court.

Sincerely yours,

/s/

J. Mark Coulson
United States Magistrate Judge

CC: The Honorable Lydia K. Griggsby