IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| ROBYN BOMAR, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 21-cv-00870-LKG |
| ) | |
| v. ) | Dated: December 18, 2024 |
| ) | |
| BOARD OF EDUCATION OF ) | |
| HARFORD COUNTY, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT**

The Plaintiffs, Robyn Bomar, Jonise Stallings, Letina Hall, and Shakera Adkins, have moved to alter or amend the Court's September 6, 2024, memorandum opinion and order ("the September 26, 2024, Decision): (1) granting the Defendants' motion for summary judgment and (2) dismissing the complaint, pursuant to Fed. R. Civ. P. 59(e) and L.R. 105.10. ECF No. 87; *see also* ECF Nos. 85 and 86. The motion is fully briefed. ECF Nos. 87, 88 and 89. No hearing is necessary to resolve the motion. *See* L.R. 105.6 (D. Md. 2023). For the reasons that follow, the Court **DENIES** the Plaintiffs' motion to alter or amend judgment.

**Background And Procedural History**

In this employment discrimination matter, the Plaintiffs asserted federal and state law employment discrimination and retaliation claims, based upon race, sex and age, and retaliation claims against the Defendants, pursuant to 42 U.S.C. § 1983; the Maryland Fair Employment Practices Act ("MFEPA"), Md. Code Ann., State Gov't, § 20-601 *et seq.*; Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.*; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*; and the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2611 *et seq. See generally* ECF No. 1. A detailed factual background for the case is set forth in the Court's September 6, 2024, memorandum opinion in this matter. ECF No. 85.

On September 6, 2024, the Court issued a memorandum opinion and order which: (1) granted the Defendants' motion for summary judgment and (2) dismissed the complaint. ECF Nos. 85 and 86. Specifically, the Court held in the September 26, 2024, Decision, that: (1) the Plaintiffs could not demonstrate that the Defendants' legitimate, non-discriminatory reasons for demoting and/or not selecting them for an Assistant Principal position were false and pretextual, to prevail on their disparate treatment discrimination claims; (2) the Plaintiffs could not show that the Defendants' proffered reasons for demoting and/or not selecting them for an Assistant Principal position were a pretext for unlawful retaliation, to prevail on their Title VII and MFEPA retaliation claims; (3) Plaintiffs Adkins and Hall could not prevail on their FMLA retaliation claims, because Plaintiff Adkins' removal from the role of a test coordinator was not an adverse employment action and the Plaintiffs could not show that the reasons provided by the Defendants for their demotion and/or non-selection were a pretext for unlawful FMLA leave retaliation; (4) the Plaintiffs could not prevail on their disparate impact discrimination claims, because they could not show that the Defendants' legitimate, non-discriminatory business reasons for formulating and implementing the 2019 Reassignment Process were pretextual; and (5) the Plaintiffs could not prevail on their Section 1983 claim against Dr. Bulson. ECF No. 85 at 21-38. And so, the Court granted the Defendants' motion for summary judgment and dismissed the complaint. *Id*. at 39.

On October 4, 2024, the Plaintiffs filed a motion to alter or amend the September 6, 2024, Decision. ECF No. 87. On October 18, 2024, the Defendants filed a response in opposition to the Plaintiffs' motion. ECF No. 88. On November 1, 2024, the Plaintiffs filed a reply brief. ECF No. 89.

## Standards Of Decision

A party may move to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). *See* Fed. R. Civ. P. 59. Pursuant to Rule 59(e), a party may move to alter or amend a court's judgment within 28 days of entry. Fed. R. Civ. P. 59(e). But a judgment may be amended under Rule 59(e) in only limited circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (citing *Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006)) (internal quotations omitted).

## Analysis

The Plaintiffs seek reconsideration of the Court's September 6, 2024, memorandum opinion and order upon the following five grounds: (1) the Court erred by presuming that the Defendants produced legitimate, non-discriminatory motives for the decisions to demote the Plaintiffs' from their Assistant Principal positions; (2) the Court erred by disregarding evidence in the pretext analysis which had been previously considered in the *prima facie* case analysis; (3) the Court erred by not viewing the Plaintiffs' cited evidence of pretext in the light most favorable to them; (4) the Court erred by concluding that the Plaintiffs could not rebut the Defendants legitimate non-retaliatory motives; and (5) the Court erred by not allowing their claims to be decided by a jury. *See generally* ECF No. 87-1. And so, the Plaintiffs request that the Court alter or amend the September 6, 2024, Decision. *Id*. at 21.

The Defendants counter that reconsideration of the Court's September 6, 2024 Decision is not warranted, because: (1) the Court correctly found that the Defendants articulated legitimate, nondiscriminatory reasons to support the demotion and/or non-selection of the Plaintiffs for Assistant Principal positions; (2) the Court properly rejected the Plaintiffs' evidence of pretext; (3) the Court viewed the evidence in the light most favorable to the Plaintiffs and appropriately concluded that summary judgment in favor of the Defendants was appropriate; (4) the Court appropriately granted summary judgment in favor of the Defendants on the Plaintiffs' retaliation claims; and (5) the Court correctly found that the Defendants articulated legitimate, nondiscriminatory reasons for their hiring decisions, which the Plaintiffs failed to establish were pretextual. *See generally* ECF No. 88. And so, the Defendants request that the Court deny the Plaintiffs' motion to alter or amend judgment. *Id.* at 25-26.

For the reasons that follow, the Court DENIES the Plaintiffs' motion to alter or amend judgment.

A careful reading of the Plaintiffs' motion to alter or amend makes clear that the Plaintiffs' have not identified a proper ground for seeking reconsideration under Rule 59(e). A party may seek to alter or amend the Court's judgment, pursuant to Rule 59(e), within 28 days of entry of that judgment. Fed. R. Civ. P. 59(e). But, the Plaintiffs may only seek to amend the Court's judgment under Rule 59(e) to either: (1) accommodate an intervening change in controlling law; (2) account for new evidence not available at trial; or (3) correct a clear error of

3

law or prevent manifest injustice. *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (citing *Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006)) (internal quotations omitted). None of these circumstances are present here.

In their motion to alter or amend judgment, the Plaintiffs solely raise arguments and cite to evidence that they raised and cited in their response in opposition to the Defendants' motion for summary judgment. ECF No. 87-1 at 9-11 (discussing arguments raised and evidence cited in the Plaintiffs' response in opposition regarding the Defendants' use of "Top Five" lists as a discriminatory practice with a disparate impact on Black Women Over 40), 12-15 (discussing arguments raised and evidence cited in the Plaintiffs' response in opposition regarding the appropriate evidence to determine whether Plaintiffs could establish a *prima facie* case of discrimination and whether the Defendants' legitimate non-discriminatory reasons for not selecting Plaintiffs for Assistant Principal positions were pretextual), 15-17 (discussing arguments raised and evidence cited in the Plaintiffs' response in opposition regarding Plaintiffs' false and/or misleading supervisory references as evidence of pretext), 17-20 (discussing arguments raised and evidence cited in the Plaintiffs' response in opposition regarding the Plaintiffs' proffered evidence of pretext as related to their retaliation claims), and 20 (discussing arguments raised and evidence cited in the Plaintiffs' response in opposition to establish that the use of "Top Five" lists had a disparate impact on Plaintiffs and that the Defendants' legitimate, non-discriminatory motives for using the "Top Five" lists were pretextual). A reading of the Court's September 6, 2024, memorandum opinion makes clear that the Court previously considered the Plaintiffs' evidence and rejected the Plaintiffs' arguments. ECF No. 85 at 23-29 (addressing Plaintiffs' disparate treatment discrimination claims); 30-35 (addressing Plaintiffs' Title VII and MFEPA retaliation claims) 33-35 (addressing Plaintiffs' FMLA retaliation claims); 35-37 (addressing Plaintiffs' disparate impact discrimination claims). The Plaintiffs also do not identify an intervening change in controlling law, or new evidence that would warrant reconsideration of the Court's September 6, 2024, Decision. *See generally* ECF No. 87-1.

Given this, the Plaintiffs' motion to alter or amend judgment is an effort to improperly relitigate issues and arguments that have been previously considered and rejected by the Court. And so, the Court must DENY the Plaintiffs' motion to alter or amend judgment. *See Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F.Supp. 2d 612, 620 (D. Md. 2013) (quoting *Sanders v. Prince George's Pub. Sch. Sys.*, 2011 WL 4443441, at *1 (D. Md. Sept. 21, 2011)) ("A motion

for reconsideration is 'not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request.'").

## Conclusion

For the foregoing reasons, the Court **DENIES** the Plaintiffs' motion to alter or amend judgment (ECF No. 87).

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby<br>
LYDIA KAY GRIGGSBY<br>
United States District Judge

5